## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

DANIEL R. JUSKO, as the Duly Appointed                         PLAINTIFF
Executor of the Estate of David Michael Jusko,
Deceased, and on behalf of all wrongful death beneficiaries

v.                      Case No. 3:07CV00021 JLH

FARRIS JACKSON                                                          DEFENDANT

v.

SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a REGIONAL
MEDICAL CENTER                                       INDISPENSABLE PARTY

## OPINION AND ORDER

By order on February 20, 2009, Shelby County Health Care Corporation, d/b/a Regional Medical Center (hereinafter "the Med"), was joined as an indispensable party to the action between Daniel Jusko and Farris Jackson. The Med has filed a motion to dismiss. For the following reasons, the Med's motion to dismiss is denied.

**I.**

This case originated from an automobile accident that occurred in Crittenden County, Arkansas. On February 18, 2006, David Jusko, the decedent and a resident of Mississippi, was killed in an automobile accident with Farris Jackson, a resident of Arkansas. Jusko was transported first to Crittenden Memorial Hospital in West Memphis, Arkansas, and then to Regional Medical Center in Memphis, Tennessee, where he died the same day. On February 24, 2006, the Med filed an Affidavit for Hospital Lien in the Circuit Court of Shelby County, Tennessee, placing a lien on all sources of recovery for an outstanding balance of $51,030.65.

Daniel Jusko, as the executor of David Jusko's estate, filed suit against Jackson in Crittenden County Circuit Court, and that case was removed to this Court on March 1, 2007. Jusko and Jackson have reached a settlement agreement in the amount of $85,000.00. After reaching the settlement agreement, Jackson informed Jusko that he (Jackson) would not issue a check for the settlement proceeds without also noting the Med's lien on the check. On January 30, 2009, Jusko filed a motion to enforce the settlement, arguing that the Med's lien did not attach to the settlement proceeds under the Arkansas wrongful death statute and that Jackson should honor the settlement agreement. On February 9, 2009, Jackson filed a motion to join the Med as an indispensable party because Jackson was concerned that his failure to enforce the lien could expose him to double liability. The Court granted Jackson's motion for joinder pursuant to Federal Rule of Civil Procedure 19. On February 26, 2009, Jackson served notice of joinder on the Med and petitioned the Med to respond to Jusko's motion to enforce the settlement.

On May 21, 2009, the Med filed its motion to dismiss, arguing that this Court lacks subject matter jurisdiction, is an improper venue, and is an inconvenient forum. Jackson and Jusko have responded, and both oppose to the motion to dismiss.

**II.**

The Med first argues that this Court lacks subject matter jurisdiction. The Med asserts that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a)(1). The Med says that the amount in controversy relevant to the Med is only $51,030.65, the amount of the hospital lien. The Med says that even if the settlement amount of $85,000 is relevant to the controversy relating to the Med, Tenn. Code Ann. § 29-22-101(b) dictates that the Med is entitled only to one-third of the total recovery, meaning that the Med could recover only $28,333.33, which

is well below the jurisdictional minimum. Citing to 28 U.S.C. § 1367(b), the Med also asserts that supplemental jurisdiction is not available in cases of joinder based on diversity jurisdiction.

Although § 1367(b) provides that district courts do not have subject matter jurisdiction over claims by a plaintiff against a person made an indispensable party under Rule 19, the plaintiff in this action has not made a claim against the Med. Rather, the defendant, Jackson, has joined the Med as an indispensable party and petitioned that the Med support its assertion of an interest in the settlement proceeds. Because the plaintiff in this matter has not made a claim against the Med, the exception in § 1367(b) is inapplicable to the present situation. *See State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579–80 (5th Cir. 2004).[1]

The Med is also incorrect in arguing that the amount in controversy does not exceed $75,000. The action between Jusko and Jackson was removed to this Court, which has diversity jurisdiction pursuant to 28 U.S.C. § 1332(b).[2] Although the Med attempts to characterize itself as a defendant in a separate action stemming from the settlement agreement, the Med was joined as an indispensable party to the action between Jusko and Jackson. The Med's asserted lien arises from the same case or controversy as that between Jusko and Jackson. Therefore, even though the Med

---

[1] Several courts have held that "plaintiff" in § 1367(b) applies to the original plaintiff in an action, not to the defendant who becomes a counter-plaintiff, cross-plaintiff, or third-party plaintiff. *Yates*, 391 F.3d at 580; *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726–27 (2d Cir. 2000); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998); *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995).

[2] Jusko and Jackson are citizens of different states, and the amount in controversy between them was over $75,000.

says that the amount of its asserted lien is less than the jurisdictional minimum, this Court has supplemental jurisdiction over the issue of the Med's asserted lien pursuant to 28 U.S.C. § 1367.[3]

Next, the Med argues that this Court is an improper venue because the Med is located and does business solely in Memphis, Tennessee.  Twenty-eight U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Med argues that venue is improper in Arkansas because the claims relevant to the Med—the medical services provided to the decedent and the hospital lien filed in Shelby County—occurred solely in Memphis, Tennessee, not in Arkansas.

While the Med again attempts to characterize the case or controversy in this action as relating only to its medical services and hospital lien, this is a personal injury action, and the motion to enforce the settlement and the Med's medical services and hospital lien all arise out of a case or controversy regarding an automobile accident that occurred in Crittenden County, Arkansas.  Thus, the substantial part of the events giving rise to this claim occurred in Arkansas, making venue proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).  Furthermore, pursuant to 28 U.S.C. § 1441(f), this Court may still hear and determine a claim relating to the original state court action between Jusko

---

[3] Even if the Court considered the Med to be an involuntary plaintiff seeking to enforce its lien against the settlement proceeds from Jackson, Jusko and the Med would essentially be arguing over their rights in the $85,000 settlement proceeds.  Therefore, even if the Med were an involuntary plaintiff, the aggregate amount in controversy still exceeds the $75,000 jurisdictional minimum, and the Court would maintain diversity jurisdiction pursuant to § 1332.

and Jackson, even though the state court might not have had jurisdiction to determine the claims relating to the Med.[4]  Therefore, the Court finds that venue is proper in Arkansas.

Finally, the Med argues that the Court should dismiss the Med under the doctrine of *forum non conveniens*.  The Med contends that because Tennessee law governs its asserted hospital lien, this case will require extensive review and application of Tennessee law, making Shelby County, Tennessee, a more convenient forum for the Med.  The Med also asserts that the Tennessee forum would be more convenient for Jusko, who is a Mississippi resident.

The Med fails to consider that Jusko chose Arkansas as the forum for this action and that this action arises out of an automobile accident that occurred in Arkansas.  The action does not arise out of the Med's asserted hospital lien, and the Med was not brought in as an original party to the suit.  As Jusko points out, he could not obtain personal jurisdiction over Jackson, an Arkansas resident, either in Mississippi or in Tennessee, which is why he chose to file suit in Arkansas, where Jackson resides and where the injury occurred.  Jusko does not agree with the Med that Tennessee would be a more convenient forum for him.  As Jackson points out, this case involves not only interpretation of Tennessee law relating to hospital liens, but also of Arkansas law relating to the Arkansas wrongful death statute.  Therefore, the Med's argument that this case primarily involves Tennessee law is inaccurate.  In a motion to dismiss on the ground of *forum non conveniens*, the defendant bears

---

[4]Jusko also argues that because his action was removed from Arkansas state court, venue is fixed in this Court by the federal removal statute, 28 U.S.C. § 1441.  The case to which Jusko cites in support does not involve a party added subsequent to removal, but Jackson has cited cases holding that the removal statute's venue provision controls venue for parties added after removal.  *See Fawick Corp. v. Alfa Export Corp.*, 135 F. Supp. 108 (D.C.N.Y. 1955); *Carter v. Am. Bus Lines, Inc.*, 169 F. Supp. 460 (D.C. Neb. 1959).  Because the Court finds that venue is proper under a § 1391 analysis, the Court need not rule on whether § 1441 precludes the Med, as a party added subsequent to removal, from moving to dismiss on § 1391 grounds.

the burden of showing that "trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative legal problems." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429, 127 S. Ct. 1184, 1190, 167 L. Ed. 2d 15 (2007). In this case, the Med has been joined as an indispensable party after the other parties have entered into a settlement agreement, meaning that it is highly unlikely that a trial will occur in Arkansas that could cause oppressiveness or vexation to the Med. The Court finds that the Med has failed to meet its burden of showing that any vexation caused to it is out of all proportion to Jusko's convenience.

## CONCLUSION

The Court finds that the Med has failed to meet its burden in moving to dismiss based on lack of subject matter jurisdiction, improper venue, and *forum non conveniens*. Therefore, the Med's motion to dismiss is DENIED. Document #80.

Still pending before the Court is Jusko's motion for settlement. Document #63. The Court hereby instructs the Med to respond to Jusko's motion for settlement within ten (10) days of the entry of this order.

IT IS SO ORDERED this 16th day of July, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE